IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LAYLANIE RUIZ-OLMO,<br><br>Plaintiffs<br><br>v.<br><br>HONORABLE JAVIER VÉLEZ AROCHO, IN HIS PERSONAL AND OFFICIAL CAPACITIES AS SECRETARY OF THE DEPARTMENT OF NATURAL AND ENVIRONMENTAL RESOURCES OF PUERTO RICO; JAVIER QUINTANA MÉNDEZ, IN HIS PERSONAL AND OFFICIAL CAPACITIES AS EXECUTIVE DIRECTOR OF THE SOLID WASTE AUTHORITY OF PUERTO RICO; THE SOLID WASTE AUTHORITY OF PUERTO RICO; LUIS MIGUEL CRUZ, IN HIS PERSONAL AND OFFICIAL CAPACITIES AS ADMINISTRATOR OF THE ENVIRONMENTAL AGENCIES BUILDINGS; ABC INSURANCE CO.; JOHN DOE; RICHARD ROE,<br><br>Defendants | CIVIL 08-1638 (FAB) (JA) |

OPINION AND ORDER

This matter is before the court on the motion to dismiss of defendants Solid Waste Authority, Javier Quintana Méndez, and Luis Miguel Cruz (collectively "SWA"). (Civil 08-1638, Docket No. 10.) SWA seeks dismissal of the complaint filed by Ms. Laylanie Ruiz-Olmo ("Ruiz") on June 11, 2008. (Civil 08-1638, Docket No. 1.) On September 30, 2008 Ruiz' case was consolidated with Civil 08-1058, a case filed by Ruiz' co-worker Julio A. Toro-McCown ("Toro"), on

CIVIL 08-1638 (FAB) (JA)                    2

January 14, 2008.  (Civil 08-1638, Docket No. 17.)  Earlier today I issued an opinion and order granting the SWA's motion to dismiss all of Toro's claims.  (Civil 08-1058, Docket No. 87.)  Because the facts and issues of Ruiz' case are essentially identical to those of Toro's, I hereby incorporate into this order, *mutatis mutandis*, the opinion and order dismissing Toro's claims.

There are only a few minor differences between Toro's case and that of Ruiz.  First, Toro brought causes of action under the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*) and the Rehabilitation Act (29 U.S.C. § 794(a)) in addition to his claims under section 1983, the Fourteenth Amendment, and state tort law.  Ruiz, on the other hand, brought only claims under section 1983, the Fourteenth Amendment, and state tort law.  This difference does not, however, change the applicability of the Toro opinion to Ruiz' case.  Those portions of the opinion addressing section 1983, the Fourteenth Amendment, and state tort law bear directly on this case.

Second, whereas the DRNA granted Toro the transfer of offices he sought (Civil 08-1058, Docket No. 46, at 11), there is no indication that Ruiz has received such a transfer.  It is true that Toro's receipt of this reasonable accommodation was important to his case in that it rendered moot his claims against the DRNA. In Ruiz' case, however, the DRNA is not a defendant, so whether Ruiz has

CIVIL 08-1638 (FAB) (JA)                3

received a reasonable accommodation or not is irrelevant.[1]  These minor differences aside, Ruiz and Toro have essentially the same case, and the reasoning behind the dismissal of Toro's case applies equally to the dismissal of Ruiz' case.

## CONCLUSION

Accordingly, Ruiz' section 1983 claim under the Fourteenth Amendment is dismissed because she suffered no disparate treatment, because no fundamental right of hers was violated, and because the SWA's actions were not conscience-shocking.  All federal law claims being thus dismissed, there exists no reason to assert supplemental jurisdiction over Ruiz' state law claims, which are therefore dismissed for lack of jurisdiction.

In view of the above, the defendants' motion is GRANTED.  Accordingly, the complaint is DISMISSED.  The Clerk is to enter judgment accordingly.

SO ORDERED.

At San Juan, Puerto Rico, this 22d day of December, 2008.

S/ JUSTO ARENAS
Chief United States Magistrate Judge

---

[1] Were it to become known that Ruiz had received a reasonable accommodation, her cause of action seeking a reasonable accommodation would still be dismissed, the only difference being that the basis for such a dismissal would be mootness rather than the reasoning enunciated in the Toro dismissal that is herein incorporated.  Either way, the claim seeking a reasonable accommodation is dismissed.